

McDERMOTT & RADZIK, LLP
Edward C. Radzik (EC-2473)
Matthew T. Loesberg (ML-3708)
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400
File: 66-07-56 ECR/MTL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ASUSTEK COMPUTER, INC.,

               Plaintiff,

       -against-

SHANGHAI EASTERN FUDART
TRANSPORT SERVICES CO., LTD., CHINA
EASTERN AIRLINES CO., LTD., CHINA CARGO
AIRLINES, AIR CHINA,
DART EXPRESS (TAIWAN) LTD.,
ULTRA AIR CARGO, INC.,
TRUXTON LOGISTICS CORP. and
LOS ANGELES EL PASO EXPRESS LEE, INC.,

               Defendants.

-------------------------------------------------------------X

**ECF**

**COMPLAINT**

08 CIV 02770 (CM)

     Plaintiff, ASUSTEK COMPUTER, INC., by its attorneys, McDERMOTT & RADZIK,

LLP, complaining of the defendants, alleges upon information and belief, as follows:

     **FIRST:**     Plaintiff's claim involves international transportation as defined in the

Convention for the Unification of Certain Rules Relating to International Transportation by Air

("Warsaw Convention"), Oct. 29, 1929, 49 Stat. 3000 (1934), 137 L.N.T.S. 11, *reprinted in note*

*following* 49 U.S.C. §40105, its amending Protocols and/or the Montreal Convention, and as

such arises under a treaty of the United States and this Court has jurisdiction pursuant to 28 U.S.C. §1331.

**SECOND:**    Alternatively, this claim is governed exclusively by Federal Common Law and the Airline Deregulation Act, 49 U.S.C. §41713(b)(1); and, as such federal subject matter jurisdiction is founded upon the laws of the United States pursuant to 28 U.S.C. §1331.

**THIRD:**    At all times mentioned herein, plaintiff was and still is a corporation organized and existing under and by virtue of the laws of one of the States of the United States, with an office and place of business at c/o Expeditors, Inc., 1313 Don Haskins Drive, El Paso, Texas 79936.

**FOURTH:**    At all times hereinafter mentioned, defendant, SHANGHAI EASTERN FUDART TRANSPORT SERVICES CO., LTD., was and now is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at 5481 W. Imperial Highway, Suite 216, Los Angeles, California 90045 and was and now is engaged in business as a common carrier of merchandise by air and/or land for hire.

**FIFTH:**    At all times hereinafter mentioned, defendant, DART EXPRESS (TAIWAN) LTD., was and now is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at Room A & D, 20/F, International Trade Building, No. 388 Hubin South Road, 361004, Xiamen, China and was and now is engaged in business as a common carrier of merchandise by air and/or for hire.

**SIXTH:**    At all times hereinafter mentioned, defendants, CHINA EASTERN AIRLINES CO., LTD. and CHINA CARGO AIRLINES, were and now are corporations organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at 5481 W. Imperial Highway, Suite 216, Los Angeles, California 90045 and

2

were and now are engaged in business as common carriers of merchandise by air and/or land for hire.

**SEVENTH:**   At all times hereinafter mention, defendant, AIR CHINA, was and now is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at 150 East 52nd Street, 31st Floor, New York, New York 10022.

**EIGHTH:**   At all times hereinafter mentioned, defendant, ULTRA AIR CARGO, INC., was and now is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at 555 S. Isis Avenue, Inglewood, California 90301 and was and now is engaged in business as a common carrier of merchandise by air and/or land for hire.

**NINTH:**   At all times hereinafter mentioned, defendant, TRUXTON LOGISTICS CORP., was and now is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, with an office and place of business at P.O. Box 83104, Los Angeles, California 90045 and was and now is engaged in business as a common carrier of merchandise by air and/or land for hire.

**TENTH:**   At all times hereinafter mentioned, defendant, LOS ANGELES EL PASO EXPRESS LEE, INC., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States, with an office and place of business at 1700 Delta Drive, El Paso, Texas 79901 and was and now is engaged in business as a common carrier of merchandise by air and/or land for hire.

**ELEVENTH:** On or about July 25, 26 and 27, 2006, there were shipped by or on behalf of plaintiff then in actual good order and condition, a cargo consisting of computer main boards (hereinafter "the goods") consigned to plaintiff for which the defendants acknowledged receipt

under House Air Waybills Nos. EFD0096259, EFD0096260, EFD0096273, EFD0096274, EFD0096085, EFD0096086 among others and Master Air Waybills Nos. 781-47738154, 781-47630273 and 999-87919963, said defendants agreed to carry the said goods from Shanghai, China to El Paso, Texas via Los Angeles, California, Florida and then and there deliver them in the same actual good order and condition as when delivered to the said defendants.

**TWELFTH:**    Thereafter, the defendants lost the goods and failed to deliver them to plaintiff or its representatives, all in violation of the said defendants' duties as common carriers of merchandise by air and/or land for hire and/or as cargo handlers.

**THIRTEENTH:**    The plaintiff is the shipper, consignee and/or owner of the goods hereinafter described and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and the plaintiff is entitled to maintain this action.

**FOURTEENTH:**    Plaintiff has performed all conditions precedent it is required to perform.

**FIFTHTEENTH:**    By virtue of the premises, plaintiff has sustained damage in the sum of $820,451.00 as nearly as same can now be determined, no part of which has been paid although duly demanded.

**WHEREFORE,** plaintiff demands judgment against the defendants jointly and severally up to the sum of $820,451.00, with interest from June 3, 2005, together with costs and disbursements of this action.

Dated: New York, New York
March 12, 2008

4

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By:

Matthew T. Loesberg (ML-3708)
Wall Street Plaza
88 Pine Street
New York, New York  10005
212-376-6400
File:  66-07-56 ECR/MTL

c:\documents and settings\etta\my documents\etta\mtloesberg\66 07-56\complaint 031108.docx