Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Los Angeles El Paso Express Lee, Inc.
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ASUSTEK COMPUTER, INC.<br><br>                              Plaintiff,<br><br>v.<br><br>SHANGHAI EASTERN FUDART TRANSPORT SERVICES CO., LTD., CHINA EASTERN AIRLINES CO., LTD., CHINA CARGO AIRLINES, AIR CHINA, DART EXPRESS (TAIWAN) LTD., ULTRA AIR CARGO, INC., TRUXTON LOGISTICS CORP. and LOS ANGELES EL PASO EXPRESS LEE, INC.,<br><br>                              Defendants. | **ECF Case**<br><br>**08 CV 02770**<br>**(Judge McMahon)** |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT LOS ANGELES EL PASO EXPRESS LEE, INC.**

Defendant , Los Angeles El Paso Express Lee, Inc. ("LEE") by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses alleges upon information and belief:

1. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

2. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiff to its proof.

3. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies same and leaves plaintiff to its proof.

4. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves plaintiff to its proof.

5. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies same and leaves plaintiff to its proof.

7. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same and leaves plaintiff to its proof.

8. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same and leaves plaintiff to its proof.

9. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same and leaves plaintiff to its proof.

10. LEE admits the allegations contained in paragraph 10 of the Complaint.

11. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies same and leaves plaintiff to its proof.

12. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies same and leaves plaintiff to its proof.

13. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies same and leaves plaintiff to its proof.

14. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies same and leaves plaintiff to its proof.

15. LEE denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies same and leaves plaintiff to its proof.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

16. In the event that the plaintiff had or has no or any title or interest in the shipment that is the subject of this action, then the Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## AS AND FOR SECOND
## AFFIRMATIVE DEFENSE

17. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable law, tariffs, circulars, and/or governing publications, the plaintiff may not recover in excess of such limitations.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

18. To the extent that the plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

19. To the extent that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

20. The Complaint fails to state a claim against LEE upon which relief may be granted.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

21. The bill of lading, tariffs and classifications, and the governing publications do not contemplate responsibility for special damages. To the extent that plaintiff seeks recovery for special damages, LEE is not responsible for such amounts.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

22. LEE is not responsible or liable for any negligence which was a proximate cause of any alleged incident or damages of which plaintiff alleges.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

23. Plaintiff's state law claims are preempted by federal law, which govern this matter.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

24. Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from LEE.

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

25. Plaintiff's complaint should be dismissed, as the United States District Court for the Southern District of New York is an improper venue and/or the action should be transferred pursuant to 28 U.S.C. §1404.

**AS AND FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE**

26. Plaintiff's complaint should be dismissed pursuant to the doctrine of forum non conveniens.

WHEREFORE, Defendant Los Angeles El Paso Express Lee, Inc. demands judgment be entered herein: (1) dismissing the complaint against it with prejudice, together with interest, costs, disbursements and attorney fees incurred herein; and (2) for such other further and/or different relief as this court may deem just and proper.

Dated: New York, New York
June 18, 2008

                          By:    /s/ Barry N. Gutterman
                                  Barry N. Gutterman, Esq. (BG6410)
                                  Barry N. Gutterman & Associates, P.C.
                                  60 East 42nd Street, 46th Floor
                                  New York, New York  10165
                                  Phone: (212) 983-1466
                                  Fax: (212) 983-1229

                                  Attorneys for Defendant
                                  Los Angeles El Paso Express Lee, Inc.

To:    Edward C. Radzik, Esq.
       Matthew Todd Loesberg, Esq.
       McDermott & Radzik, LLP
       Wall Street Plaza
       88 Pine Street – 21st Floor
       New York, New York 10005-1801
       (212) 376-6400

       Attorneys for Plaintiff


       Andrew J. Harakas, Esq.
       Clyde & Co. US LLP (NYC)
       The Chrysler Building
       405 Lexington Avenue
       New York, New York 10174

       Attorneys for Defendants
       China Eastern Airlines Co., Ltd.
       China Cargo Airlines, Ltd.
       Air China, Ltd.


       Shanghai Eastern Fudart Transport Services Co., Inc.
       5481 W. Imperial Highway, Suite 316
       Los Angeles, California 90045

Dart Express (Taiwan) Ltd.
Room A& D 20/F
International Trade Building
No. 388 Hubin South Road, 361004
Xiamen, China


Ultra Air Cargo, Inc.
555 Isis Avenue
Inglewood, California 90301


Truxton Logistics Corp.
P.O. Box 83104
Los Angeles, California 90045


LE-2901.AAD